NOT DESIGNATED FOR PUBLICATION

No. 123,915

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of
KEVIN WILLIAM SWISHER,
*Appellee*,

and

RELAINE SWISHER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; LINDA KIRBY, judge. Opinion filed May 13, 2022. Reversed and remanded with directions.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Christopher J. Vinduska*, of Klenda Austerman LLC, of Wichita, for appellee.

Before POWELL, P.J., GREEN, J., and RICHARD B. WALKER, S.J.

PER CURIAM: Relaine Swisher (Mother) appeals the trial court's modification of parenting time. Based on our review of the record, we hold that there is not sufficient evidence of a material change of circumstances and that there is not sufficient evidence of the best interests of D.S. to justify a change in Mother's parenting time. Thus, we reverse the trial court's order modifying Mother's summer parenting time with D.S., and we remand with directions to hold an evidentiary hearing in this case.

1

FACTS

The parties' divorced in 2011. The trial court awarded joint legal custody of D.S., and the parents shared residential custody. In April 2012, Mother notified Kevin Swisher (Father) that she planned to move to California and wished to take D.S. with her. Father moved for primary residential custody so that D.S. would stay with him in Kansas. The parties attended dispute resolution with limited case manager Stacy Ortega. An agreed journal entry adopted Ortega's recommendations. The journal entry gave primary residential placement to Father in Kansas during the school year, from two weeks before the first day of school in the fall until two weeks after the last day of school in the spring. Mother would exercise parenting time during the summer and some holidays. The journal entry also gave Mother parenting time during the school year anytime she travelled to Kansas but required her to give two weeks' notice.

In June 2020, Father moved to suspend travel for D.S. and review the permanent holiday and summer schedule. Mother no longer lived in California, residing instead in Las Vegas, Nevada. Father submitted a proposed parenting plan. Under Father's proposed plan, he would retain primary residential custody and the holidays would remain relatively unchanged. But Mother's spring break time was reduced from a full week to a long weekend. And Mother's parenting time over the summer would be reduced to "up to fourteen (14) consecutive days of parenting time at the beginning of the summer, with the dates to be coordinated around [D.S.'s] activities, conditioning, schooling, practices and employment." Mother would still have parenting time with D.S. anytime she travelled to Kansas, with two weeks' notice.

The trial court held a nonevidentiary hearing on Father's motion to amend parenting time. Father and Mother presented arguments and exhibits through counsel. Father argued that D.S. was now a "young man" and had chosen to participate in a summer conditioning program with his football team. One of Father's exhibits was a

letter from D.S.'s high school football coach stating that D.S. had a bright future in the football program and beyond. It also stated that a player would need to have training in summer to have any success in the fall season.

Mother argued that the change in parenting time was based solely on D.S.'s wishes. Mother contended that multiple statutory factors apply, and children are not allowed to parent themselves or choose whether to see a parent. Mother also went through the summer schedule, pointing out that D.S. had no period of 14 consecutive days when he had no commitments and Mother could exercise parenting time. Mother noted that the longest period D.S. had no other activities was 13 days because the fourteenth day would be the start of football conditioning training. Mother also argued that it is not in the best interests of the child to not maintain a bond with his or her mother, and parenting time supersedes football as a priority. Mother requested that the trial court not change the parenting plan without first having an evidentiary hearing.

The trial court determined that it had the authority to change parenting time without an evidentiary hearing. The trial court ruled on parenting time as follows:

> "The Court is not changing custody. Father remains as the primary residential parent. I think it is important to note that the child, the young man, is establishing himself in his own community and where he's residing and apparently intends to reside. I have heard no statement from mother's attorney that the son has given mom a different view, a wish to come and stay and move to [Las Vegas]. So, I am not considering—let me put it this way. I have not heard that, I have no reason to believe that he is asking to move to [Las Vegas].
>
> "The Court, in my view, has the authority to change parenting time. And it is clear from the photographs this young man is growing into being a very fine young man. I see many smiles and happiness when he's with his mother and I, too, at least from photographs as much as we're able to tell would say that he has a caring and loving relationship with his mother. At this age young people establish bonds, not just with their parents, but with their peers and I think it is important to allow those bonds to be

3

established. And a very strong bonding relationship happens during football or any kind of sport practice that, unless someone has been part of that or close to people part of it, perhaps, don't understand it. So at this point I am going to adopt father's parenting plan with the adjustment that mother is permitted to have the parenting time that she exercises during the summer super[s]ede all prior engagements of the child."

Mother again requested an evidentiary hearing, and the trial court asked counsel for a statutory basis for the request. Mother cited a Sedgwick County family law local court rule. Father disputed the application of Family Law Local Court Rule 407, arguing that K.S.A. 2020 Supp. 23-3219 requires an evidentiary hearing to modify custody or residential placement but K.S.A. 23-3221 does not require a hearing to modify parenting time. The trial court took the matter under advisement, directing the parties to e-mail their arguments with supporting citations.

In December 2020, the trial court's order adopted Father's parenting plan with minor modifications. Mother moved to alter or to amend the judgment. At a hearing on Mother's motion to alter or amend the judgment, Mother argued that she was entitled to an evidentiary hearing because of the severity of reduction in parenting time. Mother also argued that the trial court erred by relying on hearsay evidence in making its decision. The trial court denied Mother's motion to alter or to amend the judgment.

Mother timely appeals.

ANALYSIS

*Did sufficient evidence of a material change in circumstances exist in this case to justify a modification of Mother's summer parenting time?*

Mother argues that the trial court abused its discretion in awarding parenting time, that the trial court's ruling was not supported by sufficient evidence, and that the trial court erred by not holding an evidentiary hearing. We will first address Mother's

argument whether sufficient evidence of a material change in circumstances existed in this case to justify a modification of parenting time.

When reviewing a mixed question of fact and law, an appellate court applies a bifurcated review standard. The appellate court generally reviews the factual findings under the substantial competent evidence standard, disregarding any conflicting evidence or other inferences that might be drawn from the evidence. The conclusions of law based on those findings are subject to unlimited review. See *Gannon v. State*, 305 Kan. 850, 881, 390 P.3d 461 (2017).

A careful review of the trial court's ruling on the motion to modify the summer parenting time reveals no specific findings of fact for us to review because the motion was submitted to the trial court based on exhibits of the parties and on the arguments of counsel. We are in just as good a position as the trial court to determine the relevancy of these exhibits and the relevancy of the arguments of counsel. Thus, our standard of review based on the trial court's conclusions of law is unlimited. *Gannon*, 305 Kan. at 881.

When considering child custody, residency, visitation, and parenting time, these parental rights may be modified any time during the child's minority to meet the best interests of the child. K.S.A. 2020 Supp. 23-3221(a); K.S.A. 2020 Supp. 23-3302(a). Before a Kansas court may modify a previous order of custody, residency, visitation, or parenting time, there must be a material change in circumstances since the granting of the original or the existing order under K.S.A. 2020 Supp. 23-3218(a). Thus, when a proper motion and notice is filed, the court may modify and change any order involving custody, residency, visitation, and parenting time previously made upon a showing of a material change in circumstances which makes modification in the best interests of the child. K.S.A. 2020 Supp. 23-3218(a); K.S.A. 2020 Supp. 23-3221(a).

Generally, a custody order strives to give stability in a child's life. Because "[s]tability is hard to maintain when changes of custody occur. . . . [F]inal custody orders change only when there is a material change of circumstances." *In re Marriage of Fawcett*, No. 117,313, 2017 WL 4082249, at *2 (Kan. App. 2017) (unpublished opinion). In discussing a material change of circumstances under K.S.A. 2016 Supp. 23-3218(a), the *Fawcett* court had this to say: "The law is consistent on this point, and it does not matter whether a party or the court seeks to change a final custody order. There must be a material change of circumstances shown. We change custody of children for serious reasons." 2017 WL 4082249, at *2. Thus, "[t]o provide for stability, orders of parenting time may only be modified 'when a material change of circumstances is shown.' K.S.A. 2017 Supp. 23-3218(a)." *In re Marriage of Gustafson*, No. 117,381, 2018 WL 1353380, at *9 (Kan. App. 2018) (unpublished opinion).

The question here is whether Father or the court showed a material change in circumstances to justify the modification of the parenting time. Father's "Verified Motion For Order To Suspend Travel For Minor Child And To Review Permanent Holiday/Summer Schedule" made no mention of a material change of circumstances as a basis for seeking a change in the current parenting time. For example, under paragraph six of Father's verified motion, he states only the following about parenting time: "Petitioner further requests that the Court review the permanent holiday and summer schedule and determine whether modifications to the same, based upon the present circumstances and best interests of the child." The vague language in Father's verified motion about "present circumstances" fails to describe and allege any material change of circumstances under K.S.A. 2020 Supp. 23-3218(a).

Also, K.S.A. 2020 Supp. 23-3219(a) requires a party who moves to modify a child custody or residential placement order to make specific and known factual allegations, which show a material change in circumstances. K.S.A. 2020 Supp. 23-3218(a) and K.S.A. 2020 Supp. 23-3219(a) clearly imposes a condition precedent on Father to allege

6

facts sufficient to show that a material change in circumstances has occurred since the previous order of parenting time was made as a prerequisite before he could properly move forward on his motion to change parenting time. Because we conclude that Father's motion fails to allege a material change in circumstances, his motion to change parenting time should have been denied.

Based on our review of this case, we hold that there is not sufficient evidence of a material change of circumstances and that there is not sufficient evidence of the best interests of D.S. to justify the trial court's conclusions of law in modifying the summer parenting time in this matter. Thus, we reverse the trial court's order modifying Mother's summer parenting time with D.S., and we remand with directions to hold an evidentiary hearing in this case.

*Is Father entitled to attorney fees for this appeal?*

Father has timely moved under Kansas Supreme Court Rule 7.07(b) (2022 Kan. S. Ct. R. at 51) to recover his appellate attorney fees from Mother. A party may recover attorney fees on appeal under Rule 7.07(b)(1) if the trial court had the authority to award fees in the case. In a divorce action, the trial court may require a party to pay some or all the other party's legal expenses, including attorney fees, as a device to help make a fair allocation of the financial assets and liabilities in dissolving the marital relationship. See K.S.A. 2020 Supp. 23-2715. Father contends that such an award would be fair and equitable because he prevailed at the initial hearing, he prevailed on the motion to alter or amend, and Mother presented hearsay evidence herself but asserts the trial court erred by relying on hearsay. Father's conclusory assertions are insufficient to support an award of attorney fees. See *In re Marriage of Langley*, No. 115,829, 2017 WL 1534853, at *9 (Kan. App. 2017) (unpublished opinion).

Also, because we are reversing for lack of sufficient evidence to support the trial court's conclusions of law in this matter, we need not further address Father's motion for appellate attorney fees. Thus, Father's motion for appellate attorney fees is denied.

Because we are reversing, we need not address Mother's abuse of discretion argument.

Reversed and remanded with directions.